UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTONIO MARMORATO,
                Petitioner,

      -against-

UNITED STATES OF AMERICA,
                Respondent.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

08 CV 1790

DEARIE, Chief Judge.

On March 4, 1996, petitioner was convicted of various narcotics related offenses. He moved pursuant to Rule 33 of the Federal Rules of Criminal Procedure for a new trial based on ineffective assistance of counsel. Petitioner contended that counsel slept through periods of the trial and that counsel was ineffective for failing to raise a diminished capacity defense. After a hearing, the motion was denied on January 24, 2003. On October 24, 2003, petitioner was sentenced to concurrent terms of fourteen years in prison and five years supervised release. The Court declined to downwardly depart on the basis of petitioner's mental capacity.

Petitioner filed a timely appeal, challenging among other things the Court's denial of his Rule 33 motion and request for a downward departure for diminished mental capacity. Petitioner also appealed his sentence on Sixth Amendment grounds based on Blakely v. Washington, 542 U.S. 296 (2004). By summary order dated August 10, 2004, the Second Circuit affirmed the judgment in part, indicating that it would address petitioner's Blakely claim in a separate order and rejecting petitioner's other claims. U.S. v. Marmorato, 107 Fed.Appx. 244 (2d Cir. 2004). After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), by order certified March 8, 2005, the Second Circuit remanded the case for further proceedings in conformity with United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). Although petitioner did

not respond to his attorney's initial inquiry regarding re-sentencing following the remand, he ultimately requested reconsideration. (Rhodes Ltr., dated 11/20/07.)

Petitioner now challenges his conviction pursuant to 28 U.S.C. § 2255. He contends that his petition, filed in April of 2008, is timely. He argues that because he was not re-sentenced on remand, his conviction is not yet final for purposes of the one-year statute of limitations. See 28 U.S.C. § 2255. He also contends that his petition is timely because he filed it within one year of obtaining new evidence of his psychological deficiencies, in the form a letter dated June 19, 2007, from Dr. Sanford Drob, Ph.D. In addition to the June 19, 2007 letter, petitioner submits a June 4, 2008 letter from Dr. Drob and letters from Lawrence A. Siegel, M.D., and Elizabeth A. Owen, Ph.D, based on reviews of petitioner's treatment records and Dr. Drob's reports.

Regardless of timeliness, the petition is meritless. Petitioner argues, as he did in his Rule 33 motion, that as a result of his psychological issues, he was incapable of forming the required criminal intent to commit the offenses. The record with respect to petitioner's psychological issues was amply developed prior to his sentencing. He was examined by Dr. Drob in 1995, 1997 and 1999. In addition, in 2002, Dr. Drob provided the Court with a review of petitioner's psychiatric history while in federal custody. As the Second Circuit noted in rejecting petitioner's claims on appeal:

> [w]hile the psychologist who evaluated Marmorato prior to trial did express his belief that Marmorato suffered from "serious psychiatric illness with components of neuropsychological impairment," he did not state even at the Rule 33 hearing that Marmorato's afflictions precluded him from forming the requisite criminal intent-the critical point for purposes of pursuing a trial defense. The psychologist observed that Marmorato was susceptible to suggestion and manipulation, but not incapable of making reasonable and rational judgments.

Marmorato, 107 Fed.Appx. at 245. The letters petitioner now submits, written in connection with his current deportation proceedings, offer nothing new.

Although petitioner relies on Dr. Drob's statement in his June 19, 2007 letter that "a far more complete picture of Mr. Marmorato's psychological history and condition emerged" than in previous evaluations, this "more complete picture" has in fact been before the Court since 1999. (Drob Rep., dated 2/16/99, at 2.) Indeed, Dr. Drob's letters themselves make clear that "the more complete picture" was based on post-trial interviews with family and friends and a review of the trial transcripts in connection with the Rule 33 motion and hearing. (Drob Ltr., dated 6/19/07, at 2; Drob. Ltr., dated 6/4/08, at 2.) Moreover, Dr. Drob's conclusions that petitioner "suffered from a deteriorated mental status with numerous psychiatric symptoms during the approximate period of his offense behavior;" that there "was evidence that [petitioner's] depression, dissociative symptoms, alcoholism, cocaine abuse, addiction to pain killers and other prescription medications, neuropsychological deficits and poor mental status rose to the level of a diminished mental capacity as defined by law;" and that "his level of psychological deterioration was such as to constitute a clear mitigating factor in his criminal behavior," (Drob Ltr., dated 6/19/07, at 2; Drob Ltr., dated 6/4/08 at 2), were essentially included in his earlier reports and considered when petitioner's motion for a new trial was denied and sentence was imposed. Dr. Owen concurs that petitioner "had a reduced capacity which was a contributing factor, to some degree, to his becoming involved with the persons who brought him into the conspiracy of which he was convicted" and notes that "it is possible that at the time he was not as capable as a 'normal' person of realistically and fully processing information." (Owen Ltr., dated 10/5/08, at 7-8.) Dr.

Siegel also provides nothing new, indicating only that "a causal connection between his mental infirmities and his offending conduct would not be unexpected." (Siegel Ltr., dated 8/24/08, at 2.)

Once again, and finally, the Court concludes that petitioner's contention that he was incapable of forming the requisite criminal intent is meritless. The motion is denied, and the petition is dismissed. A certificate of appealability will not issue. <u>See</u> 28 U.S.C. § 2253. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
March 5, 2009

s/ Judge Raymond J. Dearie

_____
RAYMOND J. DEARIE
United States District Judge